UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY SOARES,<br><br>            Plaintiff,<br><br>   v.<br><br>TIFFIN MOTOR HOMES, INC., et al.,<br><br>            Defendants. | Case No. 1:24-cv-00484 JLT SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANT'S MOTION FOR TRANSFER OF VENUE AND TRANSFERRING ACTION TO THE NORTHERN DISTRICT OF ALABAMA<br><br>(Docs. 8, 12) |

      Amy Soares seeks to hold RV Center and Tiffin Motor Homes liable for violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*., and California state law.  (Doc. 1.) Tiffin Motor Homes seeks to transfer venue based on the forum selection clause in the company's express limited warranty.  (Doc. 8.)  Plaintiff did not oppose the motion.

      The Court referred the motion to the assigned magistrate judge.  (Doc. 9.)  The magistrate judge found Tiffin filed a copy of a limited warranty that "Plaintiff asserted she had read by signing the purchase documents."  (Doc. 12 at 5.)  The magistrate judge determined that "the parties' agreement included a valid Alabama forum-selection clause."  (*Id.*)  The magistrate judge also found "Plaintiff's claims for breach of the implied and express warranties raised in this action are encompassed by the parties' agreement."  (*Id.*)  The magistrate judge observed that Tiffin "stipulates that the Alabama Court will apply California law to Plaintiff's claims[,] eliminating any doubt that Plaintiff's unwaivable right under the Song-Beverly Act will be diminished."  (*Id.*

1

at 7, citing Doc. 8 at 12.)  Finally, the magistrate judge found that "by failing to oppose the motion for change of venue, Plaintiff has not shown that the public-interest factors overwhelmingly disfavor the agreed upon forum in the forum-selection clause, …or met the high burden of demonstrating that the forum-selection clause is unreasonable or unenforceable." (*Id.*, internal quotation marks, citations omitted.)  Therefore, the magistrate judge recommended the motion to change venue be granted.  (*Id.* at 8.)

    The Court served the Findings and Recommendations on the parties and notified them that any objections were due within 14 days.  (Doc. 12 at 8.)  The Court advised that "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)  Plaintiff did not file objections, and the time to do so has passed.

    According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.  Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and by proper analysis.  Thus, the Court **ORDERS**:

1. The findings and recommendations (Doc. 12), filed September 30, 2024, is **ADOPTED** in full.
2. Defendant's unopposed motion to transfer venue (Doc. 8) is **GRANTED**.
3. This matter is **TRANSFERRED** to the United States District Court for Franklin County, Alabama (the Northern District of Alabama).
4. The Clerk of Court is directed to close this matter.

IT IS SO ORDERED.

Dated:  **October 16, 2024**

UNITED STATES DISTRICT JUDGE